

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:                    Opinion No. O-2076
                             Re: County Budget

    Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

    "Under the terms of Article 6674q, Vernon's Texas Civil Statutes, each county in Texas on or after September 15 of each year will have credits, at least some of which may be translated into cash under the control of the Commissioners' Court. Any such cash may be spent for road debt service or for county lateral roads, subject to the provisions of the above cited act.

    "County budgets for 1941 must be prepared and filed on or before July 31, 1940. But the amount of credits, if any, accruing to the county on or after September 15, 1941, available for expenditure in fiscal 1941, cannot possibly be estimated more than a year in advance, and particularly since we do not have even the first year's experience as a guide.

    "In your opinion is the county budget officer required to take into any account in making his 1941 budget the possible revenue in 1941 to the county provided for under Article 6674q?"

    Article 689a-9, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The County Judge shall serve as budget offi-
cer for the Commissioners' Court in each county,
and during the month of July of each year he, as-
sisted by the County Auditor or by the County Clerk,
shall prepare a budget to cover all proposed expen-
ditures of the county government for the succeed-
ing year. Such budget shall be carefully itemized
so as to make as clear a comparison as practicable
between expenditures included in the proposed bud-
get and actual expenditures for the same or similar
purposes for the preceding year. The budget must
also be so prepared as to show as definitely as
possible each of the various projects for which
appropriations are set up in the budget, and the
estimated amount of money carried in the budget
for each of such projects. The budget shall also
contain a complete financial statement of the
county, showing all outstanding obligations of the
county, the cash on hand to the credit of each and
every fund of the county government, the funds re-
ceived from all sources during the previous year,
the funds available from all sources during the
ensuing year, the estimated revenues available to
cover the proposed budget, and the estimated rate
of tax which will be required." (Underscoring ours)

Article 689a-10, Vernon's Annotated Texas Civil Sta-
tutes, reads as follows:

"When the County Judge has completed the bud-
get for the county, a copy of it shall be filed
with the clerk of the County Court, and it shall
be available for the inspection of any taxpayer."

Article 689a-11, Vernon's Annotated Texas Civil Sta-
tutes reads as follows:

"The Commissioners' Court in each county shall
each year provide for a public hearing on the county
budget - which hearing shall take place on some date
to be named by the Commissioners' Court subsequent
to August 15th and prior to the levy of taxes by said
Commissioners' Court. Public notice shall be given

that on said date of hearing the budget as prepared by the County Judge will be considered by the Commissioners' Court. Said notice shall name the hour, the date and the place where the hearing shall be conducted. Any taxpayer of such county shall have the right to be present and participate in said hearing. At the conclusion of the hearing, the budget as prepared by the County Judge shall be acted upon by the Commissioners' Court. The Court shall have authority to make such changes in the budget as in their judgment the law warrants and the interest of the taxpayers demand. When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendment to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted.

"The County Judge shall, after the adoption of the county budget and prior to October 15th of each year, file with the State Comptroller at Austin, Texas, a true and correct summarized statement of the adopted budget, which statement shall show the total amount adopted for each of the several divisions of the county's activities and outstanding obligations together with true and exact copies of any revenue estimates, financial statements and balance sheets required to be contained in said budgets, and the correctness of said copies shall be sworn to by the County Judge and County Auditor, and in counties which have no County Auditor, by the County Clerk. The State Comptroller

shall note the date on which statements are filed with him, and preserve them for not less than two (2) years after the October 1st filing date. Provided, however, that in all counties of this State containing a population in excess of three hundred and fifty thousand (350,000), according to the last preceding United States census, the provisions hereof shall not apply to the making of such county budgets, and in such counties all matters pertaining to the county budget shall be governed by existing law."

Articles 6674q-1-2-3-4-5-6-7(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r)-8-8a-8c-9-10-11a-12-13 and 14, Vernon's Annotated Texas Civil Statutes, known as the State Assumption Law of county and road district highway bonds, provide methods by which the State of Texas may compensate counties and road districts for expenditures made upon highways and lateral roads under the conditions and manners set out in said statutes, too voluminous to be here quoted.

We quote from Article 6675q-7(h) as follows:

"Not later than September 15th of each year the said Board shall ascertain the exact amount of money which has been allocated to the said Lateral Road Account for such fiscal year and which at that time is available. The Board shall allocate to each county its proportionate part of the monies in said Lateral Road Account, which allocation shall be determined in the following manner:

"(1). One-tenth of the money in said Account shall be allocated upon the basis of area, determined by the ratio of the area of the county to the total area of the State.

"(2). Two-tenths of the monies in said Account shall be allocated on the basis of population according to the last preceding Federal Census, determined by the ratio of the population of the county to the total population of the State.

"(3). Three-tenths of the monies in said Account shall be allocated upon the basis of the number of motor vehicles registered during the last preceding registration year, determined by the ratio of the number of such vehicles registered in the county to the total number registered in the State as shown by the official report of the State Highway Department.

"(4). Four-tenths of the monies in said Account shall be allocated to the counties on the basis of lateral road mileage, determined by the ratio of the mileage of the lateral roads in the county to the total mileage of lateral roads in the State as of January 1, 1939, as shown by the records of the State-Federal Highway Planning Survey and the State Highway Department.

"If the records of the Highway Department and the State-Federal Highway Planning Survey are such that, in the opinion of the Highway Commission or of any county, there is a reasonable doubt as to their accuracy, the Highway Commission may authorize an independent survey to be made of that county's lateral road mileage upon its own motion or on the application of said county. The expense of such survey shall be borne by the county.

"The monies allocated to each county from the Lateral Road Account shall be used by said county first for paying the principal, interest and sinking fund requirements maturing during the fiscal year for which such money was allocated to such county on bonds, warrants and other legal obligations issued prior to January 2, 1939, the proceeds of which were actually expended in acquiring rights of way for State designated highways, it being the intention of the Legislature to designate and set apart sufficient money to pay off and discharge said outstanding obligations incurred for right of way acquisition. Funds remaining in the Lateral Road Fund of any county after the payment of said right of way obligations may be

Honorable R. S. Wyche, Page 6

used by the county, under the direction of the
Commissioners Court, for any one or all of the
following purposes: (a) for the acquisition of
rights of way for county lateral roads and for
the payment of legal obligations incurred there-
for prior to January 2, 1939, (b) for the con-
struction or improvement of county lateral roads,
(c) for paying the principal, interest and sinking
fund requirements of any bonds or warrants which
were legally issued by such county or Road Dis-
trict prior to January 2, 1939, the proceeds of
which were actually expended in the construction
or improvement of lateral county roads, (d) for
the purpose of supplementing funds appropriated
by the United States Government for Works Progress
Administration highway construction, Public Works
Administration highway construction, and such
other grants of Federal funds as may be made
available to the counties of this State for county
lateral road construction, and (e) for the purpose
of cooperating with the State Highway Department
and the Federal Government in the construction of
farm-to-market roads.

"After such allocation has been made to the
several counties in the State, the Board shall in
writing notify the Chairman of the Commissioners
Court of each county of the amount which has been
credited to that county. After receiving said
notice, the Commissioners Court shall, within
sixty days, notify the Board of the manner in
which it has exercised its option as to the one
or more specified uses of said money permitted
under this Act."

You are respectfully advised that it is the opinion
of this department that it is the duty of the county budget
officer to show in the county budget "the estimated revenues
available to cover the proposed budget." We think the budget
officer should diligently inquire into the facts in order to

make a reasonable estimate of the revenues in order to comply with Article 689a-9. If upon diligent investigation and inquiry the county budget officer is unable to make an intelligent or reasonable estimate of this matter he should so state in the budget.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW

*194*

*Glenn R. Lewis*

*ing*


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN